IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY JOE PITTS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-21-194-D ) |
| SCOTT CROW, Director, Okla. Dept. of Corrections, | ) ) ) ) |
| Respondent. | ) |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 14] issued by United States Magistrate Judge Amanda Maxfield Green under 28 U.S.C. § 636(b)(1)(B) and (C). The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus challenges a criminal judgment of the District Court of Major County, Oklahoma, claiming that Oklahoma courts lacked jurisdiction because Petitioner is Native American and the crime occurred in Indian Country. *See McGirt v. Okla.*, 140 S. Ct. 2452 (2020). Respondent has moved for dismissal based on the alleged untimeliness of the Petition and Petitioner's failure to exhaust state court remedies. *See* Mot. Dismiss [Doc. No. 11]. Upon consideration, Judge Green finds that the Motion should be granted – and that the action should be dismissed without prejudice – on the ground that Petitioner has failed to exhaust available state court remedies. *See* R&R at 1, 6.

Within the time period to object, Petitioner has made a *pro se* filing, "Motion for Objection to Return and Civil Rights Violations" [Doc. No. 15]. This filing is liberally

construed as a timely objection to Judge Green's Report.[1] The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Liberally construing the arguments presented, the Court understands that Petitioner objects to Judge Green's finding that the requirement to exhaust state court remedies applies to a jurisdictional claim under *McGirt*. *See* Obj. at 13. He also argues that he has no "available state court corrective process" for his *McGirt* claim. *Id*. at 10. Petitioner's other arguments regarding waiver, procedural default, exceptions to the default rule, time-bar issues, and the merits of his claim have no bearing on the exhaustion issue addressed by Judge Green.

Upon *de novo* consideration of the issues raised by Petitioner's Objection, the Court first rejects any contention that a § 2254 petition raising a jurisdictional claim is exempt from the exhaustion requirement. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). However, Petitioner is simply incorrect in his belief that he need not exhaust this type of claim. *Id*. at 924 & n.1 (finding habeas relief was available because state remedies were exhausted by the time

---

[1] Because Petitioner appears *pro se*, the Court must liberally construe his pleadings and arguments, but it cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*pro se* parties must "follow the same rules of procedure that govern other litigants").

of federal court's decision). Further, the Court finds that the legal authority on which Petitioner relies to argue that he lacks a state court remedy is distinguishable. The district court in *Deerleader v. Crow*, No. 20-CV-0172, 2020 WL 7345653, *5 (N.D. Okla. Dec. 14, 2020), held that the petitioner had already exhausted his *McGirt* claim because he presented the same issue to the Oklahoma Court of Criminal Appeals ("OCCA") based on *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020) (per curiam). In contrast, Petitioner has never presented his claim to OCCA. Petitioner also has not shown a futility of state law remedies, which include post-conviction procedures (Okla. Stat. tit. 22, § 1080) and a writ of habeas corpus (Okla. Stat. tit. 12, § 1331).

For these reasons, the Court concurs in Judge Green's findings and recommendation that the action should be dismissed without prejudice for failure to exhaust state remedies.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 14] is **ADOPTED**. Respondent's Motion to Dismiss [Doc. No. 11] is **GRANTED**, and the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **DISMISSED** without prejudice to a future filing. Judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 1st day of July, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge